ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL V

| EL PUEBLO DE PUERTO RICO<br><br>Recurrido<br><br>v.<br><br>JOSÉ J. TORRES MAYSONET<br><br>Recurrente | TA2026CE00104 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Caso Núm.: BY2014CR01967<br><br>Sobre: Art. 190 CP, Ley 404, Art. 5.05, Art. 285 CP, Art. 157 CP, Art. 189 CP |
| --- | --- | --- |

Panel integrado por su presidenta, la Juez Domínguez Irizarry, el Juez Cruz Hiraldo y el Juez Sánchez Báez

Sánchez Báez, Juez Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 24 de febrero de 2026.

Compareció el Sr. José J. Torres Maysonet (en adelante, "señor Torres Maysonet" o "peticionario") mediante el recurso de *certiorari* de epígrafe presentado el 12 de enero de 2026.

Por los fundamentos que expondremos a continuación, se **desestima** el auto de *certiorari* por falta de jurisdicción.

**-I-**

Del recurso que nos ocupa surge que, el señor Torres Maysonet es miembro de la población correccional de la Institución Guayama 500. No obstante, estamos ante un recurso desprovisto de un apéndice completo que nos permita redactar una relación de los hechos procesales del caso de epígrafe. Por lo cual, redactamos unos breves hechos conforme a la información disponible en el expediente. Veamos.

Consta en el expediente que, el 25 de marzo de 2025, el señor Torres Maysonet presentó una *Solicitud de Reconsideración* ante el Tribunal de Primera Instancia, Sala Superior de Bayamón (en

adelante, "foro de instancia") en un caso criminal incoado en su contra. Allí alegó que fue encontrado culpable de todos los cargos que le fueron imputados. En esencia, planteó que la descripción ofrecida por los testigos –el Agente Luis Cruz Diaz y la Agente Verónica Cruz- con relación a la apariencia del autor del delito son incompatibles con sus rasgos físicos. Por lo cual, solicitó al foro de instancia su reconsideración.

Inconforme, el 12 de enero de 2026, el señor Torres Maysonet acudió ante nos mediante el recurso de epígrafe. A pesar de que no hizo constar un señalamiento de error específico, nos solicitó que le ordenemos tanto al foro de instancia la celebración de nuevo juicio, así como que le ordenemos al ministerio público que presente prueba contundente que verdaderamente lo involucre en los hechos delictivos. Alegó que el día de los hechos estuvo en una cirugía de su ojo derecho, debido a un accidente. Además, reiteró los argumentos presentados en la moción de reconsideración.

Examinado el auto de *Certiorari* y la totalidad del expediente, prescindimos de la comparecencia del recurrido al amparo de la Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 141, pág. 15, 216 DPR __ (2025), y procedemos a exponer la normativa jurídica aplicable a la controversia ante nuestra consideración.

**-II-**

**A. Jurisdicción**

En nuestro ordenamiento jurídico se ha establecido que la jurisdicción "es el poder o la autoridad que tiene un tribunal para considerar y decidir casos o controversias que tiene ante sí". *R&B Power Inc., v. Junta de Subasta*, 213 DPR 685, 698 (2024); *FCPR V. ELA et al.*, 211 DPR 521, 529 (2023). En ese sentido, el factor jurisdiccional es el primer factor que debe considerar un tribunal en toda situación jurídica que se presente para su adjudicación. *R&B*

*Power Inc., v. Junta de Subasta*, supra, pág. 698; *FCPR V. ELA et al.*, supra, pág. 530. De manera que los asuntos jurisdiccionales son privilegiados y deben ser atendidos de forma preferente. *Allied Mgmt. Group v. Oriental Bank*, 204 DPR 374, 386 (2020).

Acorde con ello, los tribunales estamos emplazados a ser fieles guardianes de nuestra jurisdicción y carecemos de discreción para asumirla donde no la hay. *Íd.* Por ende, la falta de jurisdicción tiene los siguientes efectos:

> (1) no es susceptible de ser subsanada; (2) las partes no pueden voluntariamente conferírsela a un tribunal como tampoco puede éste arrogársela; (3) conlleva la nulidad de los dictámenes emitidos; (4) impone a los tribunales el ineludible deber de auscultar su propia jurisdicción; (5) impone a los tribunales apelativos el deber de examinar la jurisdicción del foro de donde procede el recurso, y (6) puede presentarse en cualquier etapa del procedimiento, a instancia de las partes o por el tribunal *motu proprio*.

*Fuentes Bonilla v. ELA*, 200 DPR 364, 372-373 (2018).

Cónsono con lo anterior, la Regla 83 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 141, págs. 116-117, 216 DPR __ (2025), confiere autoridad al Tribunal para desestimar un recurso de apelación o denegar un auto discrecional, a iniciativa propia o a petición de parte, cuando carezca de jurisdicción.  De esa forma, si al hacer el análisis jurisdiccional, el tribunal concluye que carece de jurisdicción para adjudicar la cuestión ante su consideración, tiene el deber de así declararlo y proceder con la desestimación del recurso apelativo sin entrar en los méritos de la controversia. *Ruíz Camilo v. Trafon Group, Inc.,* 200 DPR 254, 269 (2018).

**B. Perfeccionamiento del recurso de Certiorari**

En nuestro ordenamiento jurídico, se ha establecido que el incumplimiento con las reglas de los tribunales apelativos impide la revisión judicial. *Soto Pino v. Uno Radio Group*, 189 DPR 84, 90 (2013); *Cárdenas Maxán v. Rodríguez*, 119 DPR 642, 659 (1987). Por lo que, "las disposiciones reglamentarias que rigen su

perfeccionamiento de los recursos apelativos deben observarse rigurosamente y su cumplimiento no puede quedar al arbitrio de las partes o sus abogados". *Isleta v. Inversiones Isleta Marina*, 203 DPR 585, 591 (2019). Incluso, nuestro Alto Foro ha resuelto que, "el hecho de que las partes comparezcan por derecho propio, por sí solo, no justifica que incumplan con las reglas procesales". *Febles v. Romar*, 159 DPR 714, 722 (2003). Ello es así puesto que, "[e]sta norma es necesaria para que se coloque a los tribunales apelativos en posición de decidir correctamente los casos, contando con un expediente completo y claro de la controversia que tienen ante sí". *Soto Pino v. Uno Radio Group,* supra, pág. 90.

Cónsono con lo anterior, la Regla 34(C)(1) del Reglamento del Tribunal de Apelaciones dispone que todo escrito de *Certiorari* debe contener, entre otros, lo siguiente:

> (c) Una referencia a la decisión cuya revisión se solicita, la cual incluirá el nombre y el número del caso, la Región Judicial correspondiente y la Sala del Tribunal de Primera Instancia que la dictó, la fecha en que lo hizo y la fecha en que fue notificada; también, una referencia a cualquier moción, resolución u orden mediante las cuales se haya interrumpido y reanudado el término para presentar la solicitud de *certiorari.*

Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 141, pág. 55, 216 DPR __ (2025).

De igual manera, la Regla 34(E)(1) de nuestro Reglamento, requiere que el apéndice de un recurso de *Certiorari* contenga copia literal de lo siguiente:

> (b) La decisión del Tribunal de Primera Instancia cuya revisión se solicita, incluidas las determinaciones de hechos y las conclusiones de derecho en que esté fundada, si las hubiere, y la notificación del archivo en autos de una copia de la notificación de la decisión, si la hubiere.
>
> (c) Toda moción debidamente sellada por el Tribunal de Primera Instancia, resolución u orden necesaria para acreditar la interrupción y reanudación del término para presentar la solicitud de *certiorari*, y la notificación del archivo en autos de una copia de la resolución u orden.
>
> (d) Toda resolución u orden, y toda moción o escrito de cualesquiera de las partes que forme parte del expediente original en el Tribunal de Primera Instancia, en los cuales se discuta expresamente cualquier asunto planteado en la solicitud de *certiorari,* o que sean relevantes a esta.

(e) Cualquier otro documento que forme parte del expediente original en el Tribunal de Primera Instancia y que pueda ser útil al Tribunal de Apelaciones a los fines de resolver la controversia.

Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA,* 2025 TSPR 141, págs. 56-57, 216 DPR __ (2025).

Para salvaguardar las normas procesales apelativas, el Tribunal Supremo ha establecido que "la inobservancia de las disposiciones reglamentarias sobre la forma y presentación de los recursos puede conllevar la sanción más severa para cualquier reclamante: la desestimación". *Pueblo v. Valentín Rivera,* 197 DPR 636, 641 (2017). Asimismo, se ha establecido que los apéndices incompletos —siempre y cuando su omisión nos impida penetrar la controversia y constatar nuestra controversia— puede conllevar la desestimación. *Vázquez Figueroa v. ELA,* 172 DPR 150, 155 (2007). No obstante, lo anterior procede en la medida que "nos aseguremos que el quebrantamiento con los postulados reglamentarios haya provocado un impedimento real y meritorio para considerar la controversia en los méritos". *Pueblo v. Valentín Rivera,* supra, pág. 641.

Discutido el derecho aplicable, este Tribunal se encuentra en posición para resolver.

**-III-**

De entrada, nos compete cumplir con nuestro deber ministerial de examinar nuestra jurisdicción para atender el recurso que nos ocupa. Veamos.

Según señalamos en el acápite II de esta *Resolución,* el incumplimiento con las reglas de los tribunales apelativos impide la revisión judicial. *Soto Pino v. Uno Radio Group,* supra. De manera que las partes deben cumplir rigurosamente las disposiciones reglamentarias requeridas para perfeccionar sus recursos apelativos. *Isleta v. Inversiones Isleta Marina,* supra. Lo anterior nos permite tener un expediente completo y estar en posición de atender

la controversia ante nos. *Soto Pino v. Uno Radio Group*, supra. Cónsono con ello, la Regla 34 de este Tribunal revisor requiere que el escrito de *Certiorari* contenga, entre otras cosas, una referencia a de la decisión cuya revisión se solicita que incluya la fecha de ese dictamen y su notificación, así como una copia fiel de esta anejada en el apéndice del recurso.

Tras examinar el expediente de epígrafe nos percatamos que no surge del escrito de *Certiorari* una referencia de la sentencia, resolución o dictamen del cual se recurre ni consta en el apéndice una copia fiel y exacta de la misma. Tampoco identificamos constancia de la fecha en la cual fue dictado o notificado el dictamen recurrido, en contravención a las exigencias de la Regla 34(C) del Reglamento de este Tribunal. Por consiguiente, fuera de lo argüido por el peticionario, no podemos constatar ni siquiera, por cuál delito este fue encontrado culpable y la pena a la cual fue sentenciado y la fecha en que fue sentenciado. Ello se debe a que el peticionario no incluyó con su recurso un apéndice que contuviese documentos relevantes que formen parte del expediente original en el foro de instancia, los cuales son necesarios y útiles a los fines de resolver la controversia que nos plantea, según requiere el Reglamento de este Foro Apelativo. A esos efectos, lo único que anejó fue una *Solicitud de Reconsideración* presentada el 25 de marzo de 2015 ante el foro de instancia. Por tanto, ni contamos con los elementos suficientes para entender el presente caso ni podemos auscultar propiamente nuestra jurisdicción.

En fin, resulta forzoso concluir que no tenemos jurisdicción a consecuencia del craso incumplimiento del peticionario con el Reglamento del Tribunal de Apelaciones. Aclaramos que, aunque la comparecencia del peticionario ante nos fue por derecho propio, ello no lo exime del cumplimiento con nuestras normas reglamentarias. *Febles v. Romar*, supra.

En vista de lo anterior, procedemos a desestimar el recurso de marras, de conformidad con la Regla 83(C) del Reglamento de este Tribunal.

**-IV-**

Por los fundamentos expuestos previamente, se **desestima** el auto de *certiorari* por falta de jurisdicción.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones